UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 06-11555-RWZ


JOHN KENT

v.

ROBERT BOSCH TOOL CORP. *et al.*[1]


********************

CIVIL ACTION NO. 07-11771-RWZ


WILLIAM ECCLES

v.

ROBERT BOSCH TOOL CORP.


ORDER ON MOTIONS

January 23, 2009

ZOBEL, D.J.


I.      **Plaintiffs' Motion for a Joint Trial on the "SawStop" Claim Only (Kent
        Docket # 35; Eccles Docket # 28)**

Plaintiffs' motions to bifurcate the issue of whether Bosch's failure to incorporate

the SawStop technology rendered the subject saws defective are DENIED.  The jury

trial scheduled to begin on February 2, 2009, will try all issues in the Kent (Docket 06-

_____

[1] Defendant Home Depot U.S.A., Inc. was voluntarily dismissed by plaintiff on
Jan. 21, 2009.

11555-RWZ) and Eccles (Docket # 07-11771-RWZ) cases.

## II.     Plaintiffs' Motion in Limine to Establish the Date of Sale as the Relevant Date to Determine Defendant's Liability (Kent Docket # 53; Eccles Docket # 32)

Plaintiffs move to preclude Bosch "from arguing that any date earlier than the date of sale of the subject saws is the date at which (1) Defendants' liability for selling an unreasonably dangerous product would be established and (2) the feasibility of a safer alternative design utilizing SawStop technology would be determined."  While plaintiffs' motion is somewhat vague as to what sale and to whom it refers, the relevant date in each case is the date of sale by Bosch, that is, the date on which Bosch put each saw into the stream of commerce and thus lost control of the product.  See Santos v. Sunrise Medical, Inc., 351 F.3d 587, 591 (1st Cir. 2003).

Accordingly, the motions (Kent Docket # 53; Eccles Docket # 32) are ALLOWED.

## III.    Plaintiffs' Motion in Limine to Preclude Expert Testimony of Peter Domeny (Kent Docket # 55; Eccles Docket # 34)

Plaintiffs assert that defendant's Rule 30(b)(6) witness, Peter Domeny ("Domeny"), gave expert testimony at his deposition.  Consequently, defendant was obliged under Rule 26(a)(2)(A) and (B) to disclose his identity as an expert and his written report.  Because defendant failed to comply with the Rule, plaintiffs seek to preclude his testimony at the trial.

Defendant states that Domeny was not called, nor did he testify as an expert; rather, based on his personal knowledge and his participation in defendant's evaluation

of SawStop, he described that process and defendant's efforts to develop an alternative technology.

Subject to a review of his full deposition, should plaintiffs choose to provide it, the motions (Kent Docket # 53; Eccles Docket # 34) are DENIED.

## IV.   Plaintiffs' Motion in Limine to Strike a Portion of Defendant's Expert's Testimony (Kent Docket # 56; Eccles Docket # 35)

Plaintiffs move to strike the portion of the expert testimony of Daniel R. Judd ("Judd") in which he concludes that SawStop technology performs poorly when used to cut pressure treated wood.  Plaintiffs argue that Judd's method of testing SawStop fails to meet the Daubert[2] standard for reliability.  In particular, they find fault with the method with which Judd selected the samples of pressure treated wood he used for his testing, suggesting his procedure selected wood that contained a higher percentage of water, and thus more likely to erroneously trip the SawStop protection, than would a truly random sample of pressure treated wood.  Defendant counters that Judd is a qualified expert and that his methodology was designed to obtain samples of pressure treated wood that were "most representative of the kind of wood sold to carpenters purchasing such wood for exterior construction projects."  (Docket # 61, 4.)  Thus, they argue, plaintiffs' objection go the weight of Judd's testimony, not its admissibility.

Defendant is correct.  Assuming Judd is properly qualified as an expert, his choice of testing methodology is a subject of examination by the parties.

Accordingly, the motions (Kent Docket # 56; Eccles Docket # 35) are DENIED.

---

[2] Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993).

**V.      Defendant's Motion in Limine to Preclude Evidence Concerning Consumer Product Safety Commission Accident Statistics and "Costs to Society" Based on Such Statistics (Kent Docket # 40)**

Defendant's motion is allowed as to evidence concerning the "costs to society" of saw injuries.  The issue in this case is: "Were the subject saws defective?"  That the use of a particular product results in costs to society is not relevant to that question.

Defendant also objects to the statistical evidence plaintiffs seek to introduce, arguing that, not only is it based on hearsay, but that there is no evidence that it is based on accidents similar to the ones which harmed plaintiffs.  The court will decide the admissibility of this evidence at trial.

Accordingly, the motion (Kent Docket # 40) is ALLOWED as to the "costs to society."  As to the statistical evidence, it is DEFERRED to the trial.

**VI.     Defendant's Motion in Limine to Preclude Testimony of William Kitzes (Kent Docket # 47)**

Defendant objects to testimony from plaintiffs' expert William Kitzes ("Kitzes") opining that Bosch should have adopted safety measures such as an alternate guard system and SawStop technology.  Kitzes has no technical, mathematical or statistical training and he has no familiarity with table saws or woodworking.  He does appear to have some experience in product safety risk analysis.  Assuming Kitzes is qualified as an expert in that field, he may explain to the jury what a risk assessment is and describe to them the steps a manufacturer would take to perform the risk assessment of a consumer product, but he may not comment on the conclusions reached by defendant in conducting its safety analysis.  Nor may he testify as to a causal connection between defendant's safety assessment and plaintiffs' injuries.

4

The motion (Kent Docket # 47) is ALLOWED in part as described <u>supra</u>.

**VII.  Defendant's Motion in Limine to Preclude Evidence Regarding the Performance of SawStop Technology After the Date of Manufacture and Sale of the Subject Saw Product (Kent Docket # 38)**

Defendant moves the court to preclude evidence obtained by testing saws incorporating SawStop technology manufactured after the date of sale of the subject saws.[3]  In particular, it argues that the SawStop technology was significantly improved after the date of sale of the subject saws, so performance data of a saw incorporating this technology is not relevant to the issue of feasability.  In addition, the data, in its opinion, is hearsay, as it was collected by SawStop from reports of third parties who experienced a SawStop "finger save" event.

Plaintiffs dispute that the design of the saw has changed in any relevant way from the prototype shown to Bosch in 2001.  In addition, they argue that the records they seek to admit were collected in the normal course of business and therefore are not subject to exclusion as hearsay.

The mere fact that the evidence plaintiffs seek to admit is based on tests of a later model does not make it inadmissable on the question of SawStop's feasability in earlier years.  See Torre v. Harris-Seybold Co., 404 N.E.2d 96, 108 (Mass. App. Ct. 1980); Marchant v. Dayton Tire & Rubber Co., 836 F.2d 695, 699 n.2 (1st Cir. 1988) (citing Massachusetts law).  However, its admissibility depends on the similarities of the tested and earlier versions as to which the parties may request a voir dire.

I will decide the question of hearsay at trial based on the evidence concerning

---

[3] Defendant agrees that if this motion is allowed, certain opinions of its own expert based on testing of SawStop saws should not be admitted as well.

the source of the data and SawStop's business practices.

Accordingly, defendant's motion (Kent Docket # 38) is DENIED.

## VIII.   Defendant's Motion in Limine to Preclude Evidence Concerning Statements Made by Other Representatives of the Power Tool Industry (Kent Docket # 44)

Defendant moves to preclude testimony by plaintiffs' experts concerning

conversations, reports or statements by the power tool industry or representatives of

companies other than Bosch, arguing such testimony is hearsay.  The only document

they identify specifically is a Power Tool Institute ("PTI") document evaluating the

SawStop technology.  Defendant admits that the scope of this motion is somewhat

unformed and the court therefore RESERVES its decision on the motion (Kent Docket #

44) until trial.

## IX.   Defendant's Motion in Limine to Preclude Evidence Concerning Awards to SawStop Technology (Kent Docket # 49)

As discussed supra, the issue is this case is the feasibility of the SawStop

technology at the time the subject saws were sold.  That SawStop saws built after that

date received accolades is not relevant to this issue.

Accordingly, the motion (Kent Docket # 49) is ALLOWED.

## X.   Defendant's Motion in Limine to Preclude Testimony of Kelly Mehler (Eccles Docket # 30)

Plaintiffs offer Kelly Mehler ("Mehler") as an expert in table saws and table saw

safety based on his knowledge, experience and training.  In particular, Mehler has

been a long-time advocate of the incorporation of an independent riving knife on table

saws.  It does not appear that Mehler intends to render any opinions concerning

SawStop technology.

Assuming he is qualified as an expert in table saw operation and safety based

7

on his experience and training, he may describe the operation of table saws to the jury and opine on the inability of current guard designs to prevent 100% of table saw injuries.   He may not, however, opine on whether SawStop technology would have prevented plaintiffs' injuries or is necessary to render a saw safe and not defective.

Accordingly, the motion (Eccles Docket # 30) is DENIED.

## XI.  Defendant's Motion for Reconsideration of Plaintiffs' Motion to Lift Confidentiality Designation of Certain Documents (Eccles Docket # 25)

Defendant points out that my November 24, 2008, order allowing in part plaintiff Eccles' motion to lift the confidentiality designation of certain documents is in conflict with my earlier denial of the identical motion in the Kent case.  (Compare Eccles Docket # 9; electronic endorsement Nov. 24, 2008, with Kent Docket # 21; electronic endorsement July 10, 2008.)  The latter decision was correct.  Therefore, Mr. Gass may examine "any documents that reflect testing of Mr. Gass' technology to the extent they have not already been designate[d] to permit such."  (Eccles Docket, electronic endorsement Nov. 245, 2008.)

Accordingly, the motion (Eccles Docket # 25) is DENIED.

## XII.  Other Pending Motions

Plaintiffs' Motion in Limine to Preclude Any Testimony Pertaining to Collateral Source Income and Subrogation Rights Any of the Insurers May Later Exercise (Eccles Docket # 33) is ALLOWED.

Plaintiffs' Motion to File a Reply Memorandum of Law in Further Support of Their Motion for a Joint Trial (Eccles Docket # 39) is DENIED AS MOOT.

Plaintiffs' Motion to File a Reply Memorandum of Law in Further Support of Their

Motion for a Joint Trial (Eccles Docket # 40) is DENIED AS MOOT.

 

 

_____January 23, 2009_____                    _____/s/Rya W. Zobel_____
              DATE                                                          RYA W. ZOBEL
                                      UNITED STATES DISTRICT JUDGE